UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL T. WITHERSPOON,

        Petitioner,                        Case No. 14-cv-13741

v.                                                Honorable Thomas L. Ludington

PAUL KLEE,

        Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a state prisoner. On February 1, 2008, following a jury trial in the Wayne Circuit Court, Petitioner Michael T. Witherspoon was found guilty of second-degree murder. Petitioner was sentenced to 40-to-60 years. The petition raises three claims: (1) Petitioner's failure to testify at trial was used against him by the prosecutor during closing arguments, (2) Petitioner was denied the effective assistance of counsel, and (3) Petitioner's claims are not procedurally defaulted. Upon initial review of the petition it appeared that review was barred by the statute of limitations under 28 U.S.C. §2244(d). Petitioner was ordered to show cause why the petition should not be dismissed as untimely, and Petitioner has filed a response. Petitioner acknowledges that his petition was filed after expiration of the one-year statute of limitations, but he asserts that he is entitled to equitable tolling. Because these arguments are without merit and for the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations. Petitioner will also be denied a certificate of appealability.

## I.

According to Petitioner's filings, his direct appeal ended on November 10, 2010, when the Michigan Supreme Court denied his application for leave to appeal. *People v. Witherspoon*, No. 139120 (Mich. Nov. 10, 2010). A year later, on November 10, 2011, Petitioner filed a motion for relief from judgment in the trial court, raising his present habeas claims. The trial court denied relief, as did the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's state post-conviction-review proceeding ended when the Michigan Supreme Court denied leave to appeal on September 30, 2013. *People v. Witherspoon*, No. 147045 (Mich. Sup. Ct. Sep. 30, 2013). The current petition was filed through Petitioner's counsel on September 27, 2014.

## II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas corpus case brought by a state prisoner is whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

### III.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA's one-year limitations period is tolled when a prisoner seeks collateral review of his conviction in state court. *Wall v. Kholi*, 131 S. Ct. 1278, 1283 (2011) ("[T]he 1-year limitation period is tolled during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' § 2244(d)(2)."). Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner correctly admits that the petition was untimely filed under the statute. The limitation period began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not allege that any of the other potential starting points apply. The Michigan Supreme Court denied leave to appeal on direct review in Petitioner's case on November 10,

2010. The limitations period began running ninety-one days later, on February 9, 2011, the day after the deadline passed for filing a petition for a writ of certiorari in the U.S. Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitations period continued to run until Petitioner filed a motion for relief from judgment with the trial court on November 10, 2011. *See* 28 U.S.C. § 2244(d)(2). That is, 273 days of the limitations period ran from the expiration of Petitioner's time for seeking direct review to the date on which the limitations period began to toll under § 2244(d)(2)—when Petitioner filed his state petition for post-conviction review.

The limitations period tolled under § 2244(d)(2) starting with the time Petitioner filed his state post-conviction review proceeding and ending on the date relief was denied by the Michigan Supreme Court on September 30, 2013. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It should be noted that the state court proceeding merely tolled the limitations period, it did not restart the one-year clock. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)). The limitations period started running again the day after the Michigan Supreme Court denied relief, and it continued running until Petitioner commenced the present action—when his counsel filed it with the Court on September 27, 2014. This second period in which the limitations period was running spanned 361 days.

Adding together the two periods in which the statute of limitations ran, 634 days—or well more than one year, indeed, more than two years—passed before Petitioner commenced this action. The petition was therefore untimely filed under the terms of the statute.

Petitioner's response to the show cause order asserts that the petition is nonetheless entitled to review because he is entitled to equitable tolling. A petitioner is entitled to equitable

tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*.

Relying on *Holland*, Petitioner asserts that he is entitled to equitable tolling because the performance of his lawyer on direct appeal amounted to ineffective assistance of counsel. Petitioner misreads *Holland*. *Holland* deals with cases in which a petitioner's federal habeas counsel's conduct hinders the Petitioner's efforts to comply with the statute of limitations. The Supreme Court held that "extraordinary" or "egregious" habeas attorney conduct—such as actively hindering a prisoner's ability to file a habeas petition or erroneously informing a prisoner that his habeas petition has been filed when it has not—may justify equitable tolling. *See Holland*, 560 U.S. at 651-52. But "a garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Id*., 560 U.S. at 651-52 (internal quotation marks and citations omitted). *Holland* has no application to allegations regarding counsel's performance during the state court direct appeal.

But even giving Petitioner the benefit of all doubt, and accepting the suggestion that his direct appeal counsel's ineffectiveness caused a delay in his ability to discover his best appellate issues—and hence allow him to realize that habeas review was warranted—Petitioner has still failed to demonstrate entitlement to equitable tolling. At the time Petitioner filed for state post-conviction review 273 days had run on the limitations period, leaving him with approximately three months to file his habeas petition after that proceeding concluded. But after state post-

conviction review was complete, Petitioner waited another 361 days to file his petition. This lengthy span of time constitutes a lack of diligence, precluding equitable tolling. See *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (petitioner's failure to pursue his rights in five month period in which he still had time to file habeas petition "suggests a lack of diligence"); *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003) (eleven-month delay between the conclusion of state post-conviction proceedings and filing of habeas petition shows a lack of due diligence).

Petitioner's current counsel attempts to shoulder some of the blame by stating that he was first contacted by Petitioner shortly before December 15, 2013, but was not retained until April 15, 2014. Counsel explains that due to his busy schedule as a sole practitioner and due to a personal tragedy, he was unable to file the petition until September 27, 2014. These allegations do not alter the result. By the time counsel was retained, the limitations period had already expired. Petitioner has not attempted to explain his own inability to timely file the petition in the three months following the denial of state post-conviction relief. He cannot do so by pointing to his own unfamiliarity with legal proceedings or the other usual hardships experienced by incarcerated pro se litigants. Neither a prisoner's pro se status nor his lack of knowledge of the law constitutes extraordinary circumstances justifying equitable tolling. *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). Accordingly, Petitioner has not demonstrated entitlement to equitable tolling based on either of his counsels' conduct or his own pro se status.

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Petitioner's substantive habeas claim and recitation of the trial facts asserts that Petitioner acted in self-defense and that his defense was undermined by the misconduct of the prosecutor. Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter* because he has neither alleged nor presented any new, reliable evidence to establish that he was actually innocent. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Accordingly, the petition will be dismissed noncompliance with § 2244(d).

## IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having undertaken the requisite review, the Court concludes that jurists of reason would not find the court's procedural ruling that the petition is untimely debatable. A certificate of

appealability will not issue. The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

## V.

For the foregoing reasons, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: March 23, 2015   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS